■ HUMBLE OIL & REFINING COMPANY, Appellant, v. M. W. KELLOGG COMPANY, Defendant, and CARRIER CORPORATION, Respondent. M. W. KELLOGG COMPANY, Third-Party Plaintiff, v. GENERAL ELECTRIC COMPANY, Third-Party Defendant.— Order denying plaintiff's motion for examination before trial and for discovery and inspection, dated April 13, 1960, unanimously reversed on the law and in the exercise of discretion, to grant such motion except that the examination before trial of the defendant Carrier Corporation should be limited to its officers and employees having knowledge or information of the matters to which the notice of motion makes reference, with $20 costs and disbursements to plaintiff-appellant against defendant-respondent. Settle order. The record makes evident that the parties agreed to a joint investigation and exchange of reports concerning the cause and extent of the fire. Plaintiff has produced its reports and permitted statements to be taken from its employees, whereas defendant Carrier Corporation has either failed to produce all its reports or caused the results of its investigation not to be reduced to writing. In such circumstances the usual discretionary limitation applicable to the scope of examination and discovery of documents should be withheld. With regard, however, to persons other than officers and employees of defendant Carrier Corporation, if, at the conclusion of the examination herein directed, plaintiff deems it material and necessary to procure the examination of such persons as witnesses, plaintiff will have to make application therefor, establishing the special circumstances in the customary manner. Concur — Breitel, J. P., Rabin, Valente and Bergan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES J. MORAN, Appellant.— Order denying defendant's application for a writ of error coram nobis, dated December 29, 1959, unanimously affirmed. Appeal from order denying defendant's motion to disqualify Judge MULLEN from presiding at defendant's coram nobis hearing, dated December 8, 1959, dismissed. No opinion. Concur — Botein, P. J., Breitel, McNally, Stevens and Bergan, JJ.

■ In the Matter of HERBERT SEVERIN, Appellant, against ROBERT E. HERMAN, as State Rent Administrator, Respondent and 974 REALTY CORP., Intervenor-Respondent.— Order dated April 4, 1960, dismissing petitioner's article 78 petition for an order annulling and setting aside a determination of the State Rent Administrator which granted a certificate of eviction, unanimously affirmed, with $20 costs and disbursements to the respondents. No opinion. Concur — Botein, P. J., Breitel, McNally, Stevens and Bergan, JJ.

■ In the Matter of ROBERT C. VALENTINE, Petitioner, against NEW YORK CITY TRANSIT AUTHORITY, Respondent.— Determination unanimously confirmed and the petition dismissed, with $20 costs and disbursements to the respondent. No opinion. Concur — Botein, P. J., Breitel, McNally, Stevens and Bergan, JJ.

■ SAMUEL SHERMAN, Appellant, v. LEO ALEXANDER, Respondent, et al., Defendant.— Order dated February 10, 1958, which, inter alia, denied plaintiff's motion to dismiss the defendant-respondent's fourth counterclaim, modified, on the law and in the exercise of discretion, to the extent of granting the branch of the motion to dismiss the fourth counterclaim, with leave to replead, and as so modified, affirmed, with $20 costs and disbursements to the appellant. The allegations of the fourth counterclaim are barely intelligible and fail to spell out the relationship among the persons charged with conspiracy to harass the so-called cross defendant. Concur — Botein, P. J., Breitel, McNally, Stevens and Bergan, JJ.